

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
**F**ILE**D**
Oct 09 2024
ARTHUR JOHNSTON, CLERK
By: _____, Deputy Clerk

**SUPREME COURT OF MISSISSIPPI
(BEFORE A COMPLAINT TRIBUNAL)**

THE MISSISSIPPI BAR     **FILED**     COMPLAINANT

V.     OCT 07 2024     CAUSE NO. 2024-B-568

JACOB RICHARD BURNS     OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS     RESPONDENT

## DEFAULT JUDGMENT

THIS MATTER came before the Complaint Tribunal on The Mississippi Bar's ("the Bar") Motion for Default Judgment against Jacob Richard Burns ("Mr. Burns"). The Complaint Tribunal has held a hearing in open court, has fully considered the record before it, and finds the Bar's Motion is well taken and should be granted as follows:

On May 10, 2024, the Bar filed a Formal Complaint against Mr. Burns. On June 11, 2024, Alicia Sutton (a private process server) attempted to serve Mr. Burns with the Formal Complaint and Summons; however, Ms. Sutton was unable to locate Mr. Burns.

On or about June 28, 2024, Davy Keith (another private process server) attempted to serve Mr. Burns with the Formal Complaint and Summons; however, Mr. Keith was unable to locate Mr. Burns.

On July 1, 2024, the Bar filed the Affidavit of Jeremy L. Birdsall, counsel for the Bar, in support of its request that the Clerk of the Mississippi Supreme issue a Summons by Publication for Mr. Burns. That same day, the Court issued its Summons by publication. This Summons required Mr. Burns to respond to the Formal Complaint

not later than thirty (30) days after July 7, 2024, which was the date of first publication of the Summons. That is, Mr. Burns had until August 7, 2024, in which to file an answer or otherwise respond to the Formal Complaint. On July 24, 2024, the Bar filed an "Affidavit by Publication" evidencing perfection of service by publication.

On or about August 28, 2024, the Clerk of the Mississippi Supreme Court entered default against Mr. Burns pursuant to Rule 55(a) of the Mississippi Rules of Civil Procedure. That same day the Bar filed its Motion for Default Judgment.

On September 19, 2024, the Complaint Tribunal entered an Order setting for the Bar's Motion for Default Judgment for hearting on October 7, 2024. Mr. Burns failed to appear at this hearing.

Rule 8.4 of the Rules of Discipline for the Mississippi State Bar provides that the respondent shall file an Answer to the Formal Complaint within thirty (30) days after the Formal Complaint is served. Here, more than thirty (30) days have elapsed since the Bar perfected service. To date, Mr. Burns has not filed an Answer, motion, or other pleading. Accordingly, the Bar's Motion for Default Judgment is well-taken and is hereby granted.

The Formal Complaint alleges that Mr. Burns violated Rules 1.3, 1.16(a)(3), 3.2, 3.4(c), 8.1(b); and 8.4(a) and (d) of the Mississippi Rules of Professional Conduct.

The Formal Complaint further alleges Mr. Burns is liable to the Bar for costs and expenses incurred with respect to the investigation of the Informal Complaint that formed the basis for the Formal Complaint in the total amount of thirty and 00/100

Dollars ($30.00). The Bar further alleges that Mr. Burns is also liable for the costs and expenses incurred in the filing and prosecution of the Formal Complaint in the amount of Five Hundred Eighty-Seven and 66/100 Dollars ($587.66). These expenses are broken down as follows: $200 filing fee with the Mississippi Supreme Court, $145 for Ms. Sutton's attempt to personally serve Mr. Burns, $125 for Mr. Keith's attempt to personally serve Mr. Burns, and $117.66 for service by publication. The total amount of fees and expenses for which Mr. Burns is liable is $617.66.

Because the Complaint Tribunal has granted a default judgment against Mr. Burns, the allegations in the Formal Complaint are accepted as true and all questions of fact are "automatically resolved in the Bar's favor." *Alexander v. The Mississippi Bar*, 725 So. 2d 828, 834 (Miss. 1998).

The Bar requested that Mr. Burns be suspended from the practice of law for six (6) months because of his conduct.

## JUDGMENT

THEREFORE, the Complaint Tribunal finds that RICHARD JACOB BURNS should be and is hereby SUSPENDED from the practice of law in the State of Mississippi for SIX MONTHS effective ten (10) days from the date this JUDGMENT.

Pursuant to Rule 8.6 of the Rules of Discipline, the Clerk of the Mississippi Supreme Court shall immediately forward an attested copy of this Default Judgment to the judges of the Circuit, Chancery, and County Courts of Jackson County, Mississippi,

with instructions to the senior judges of each of these courts to include a copy in the minutes of each respective court.

Additionally, the Clerk of the Supreme Court shall forward copies of the Default Judgment to each member of the Complaint Tribunal; to counsel for all parties; to the Executive Director of The Mississippi Bar; to the Clerks of the United States Bankruptcy Courts for the Northern and Southern Districts of Mississippi; to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi; to the Clerk of the United States Court of Appeals for the Fifth Circuit and the Clerk of the United States Supreme Court.

The Complaint Tribunal hereby enjoins Mr. Burns from practicing law in the State of Mississippi; holding himself out as an attorney at law; from performing any legal services for others; from directly or indirectly accepting any fee for legal services; from appearing in any representative capacity in any legal proceedings or Court of the State of Mississippi; from holding himself out to others or using his name, in any manner, with the phrases "attorney at law," "attorney," "counselor at law," "counsel," or "lawyer."

Mr. Burns shall notify any remaining clients in writing of his suspension, inform each client of his consequent inability to act as an attorney, and advise each client to promptly substitute another attorney or seek legal advice elsewhere. At the request of

any client, Mr. Burns shall promptly return all files, papers, money, or other property in his possession belonging to his clients.

The Complaint Tribunal further orders Mr. Burns to file an affidavit with the Supreme Court of Mississippi stating that he has notified in writing all clients of his suspension and his consequent inability to act as an attorney. The affidavit shall further state that he returned all files, papers, money, or other property in his possession belonging to clients requesting the same consistent with this Default Judgment. In the event he was unable to notify such clients or return their files, papers, money, or other property, he shall state that due diligence was used to do so. Mr. Burns shall submit such affidavit within thirty (30) days of the date of this Default Judgment and send a copy of the affidavit to The Mississippi Bar. The submission of this affidavit is a condition precedent to Mr. Burns being reinstated to the practice of law.

Mr. Burns shall notify all courts, agencies, and adverse parties (or their respective attorneys) in any proceeding in which he is involved of his suspension and of his consequent inability to act as an attorney. Mr. Burns shall submit an affidavit to that effect with the Clerk of the Supreme Court of Mississippi within thirty (30) days of the date of this Default Judgment and send a copy of such affidavit to The Mississippi Bar. The submission of this affidavit is a condition precedent to Mr. Burns being reinstated to the practice of law.

The Complaint Tribunal orders Mr. Burns to reimburse the Bar the costs and expenses incurred in the investigation of the informal complaint and the costs and expenses associated with the filing and prosecution of the Formal Complaint in the total amount of $617.66. Payment of the Bar's costs and expenses is a condition precedent to Mr. Burns's reinstatement to the practice of law.

When this Default Judgment is filed with the Clerk it shall become a matter of public record, and the contents of Cause No. 2024-B-568 shall likewise in all respects be a public record.

This Default Judgment shall remain in full force and effect until further Order of the Supreme Court of Mississippi.

The violation of any term of this Default Judgment may be considered as contempt of this Complaint Tribunal.

Each member of the Tribunal concurs in this Opinion and Judgment.

DATED this ___ day of October 2024.

/s/ JUDGE JOHNNIE McDANIELS,
PRESIDING JUDGE OF THE
COMPLAINT TRIBUNAL